UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **RIGOBERTO MURILLO-GATICA,** § | |
| § | |
| *Petitioner*, § | |
| VS. § | **CIVIL ACTION NO. L-08-67** |
| § | **CRIMINAL CASE NO. L-07-327-1** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| *Respondent*. § | |

## OPINION AND ORDER

Pending before the Court is Petitioner Rigoberto Murillo-Gatica's ("Murillo") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Dkt. No. 1].[1] After duly considering the petition, supporting memorandum, and applicable law, the Court DENIES Murillo's petition.

### I.  BACKGROUND AND PROCEDURE

On March 13, 2007, a federal grand jury returned a one-count indictment against Murillo in criminal case number L-07-327-1, charging him with illegal re-entry after having previously been denied admission, excluded, deported, and removed, in violation of Title 8, United States Code Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt. No. 6]. Murillo decided to forego trial and entered a plea of guilty before United States Magistrate Adriana Arce-Flores on May 17, 2007. [Minute Entry of May 17, 2007].

Pursuant to the requirements of Federal Rule of Criminal Procedure 11, the Magistrate Judge advised Murillo in open court of the rights and implications surrounding a guilty plea. *See* Fed. R. Crim. P. 11(b)(1). When the Magistrate Judge asked Murillo whether he understood the

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to the filings in case number 5:08-cv-67. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:07-cr-327-1. Citations to "Minute Entries" will be used to refer to entries made for criminal case number 5:07-cr-327-1.

procedure as she had explained it to him, he answered "yes," and indicated that he wanted to proceed with his plea of guilty.

Having adopted the Magistrate Judge's Report and Recommendation, [Cr. Dkt. No. 17], this Court sentenced Murillo on September 11, 2007 to twenty-seven (27) months of imprisonment to be served consecutive to the sentence previously imposed in case number L-04-CR-899, for a total of forty-five (45) months. [*See* Minute Entry of February 8, 2007]. The Court also sentenced Murillo to a subsequent three-year term of supervised relief. Judgment was entered on September 17, 2007. [Dkt. No. 25]. Murillo filed the instant motion on May 19, 2008. [Dkt. No. 1].

## II.    DISCUSSION

### A.    The Instant Petition

Murillo challenges his sentence on several interrelated grounds. First, he claims that he was denied effective assistance of counsel because his attorney (1) failed to investigate and present mitigating factors at sentencing to the Court, [*id.* at 3]; (2) failed to seek a downward departure from the sentencing guideline range because of his status as a deportable alien, [*id.* at 5]; and (3) failed to seek a downward departure based on his compliance with the requirements of the fast-track program, [*id.*]. Second, Murillo argues that because he will not serve the last ten percent (10%) of his sentence in minimum-security confinement per the requirements of 18 U.S.C. § 3624, he will be subjected to harsher treatment at the hands of the Bureau of Prisons than his comparable American counterparts. [*Id.*].

### B.    Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if

condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 allows relief in four areas: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.*

### C. Ineffective Assistance of Counsel

#### 1. Standard

Ineffective assistance constitutes a violation of the Sixth Amendment right to counsel, a claim permitted under § 2255. To prove ineffective assistance, the petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing deficient performance, a court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689. Under the prejudice requirement, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1992) (requiring that a defendant show that counsel's errors deprived the accused of a substantive or procedural right, thereby rendering the trial proceedings unfair or the result unreliable). A "reasonable probability" is a probability which undermines confidence in the outcome. *Id.* In the sentencing context, a petitioner must show that a reasonable probability

exists that, but for counsel's errors, the petitioner's sentence would have been "*significantly* less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (per curiam) (emphasis in original).

### 2. *Application*

#### a) **Failure to Investigate and Present Mitigating Factors at Sentencing**

First, Murillo argues that he was denied effective assistance of counsel because his attorney failed to investigate and present mitigating evidence at sentencing, which would have resulted in a lower sentence. [Dkt. No. 1 at 3]. This argument fails for two main reasons. First, a criminal defense attorney has a duty to investigate, but this duty is limited to reasonable investigation. *Strickland*, 466 U.S. at 690-91. The decision not to investigate, however, must be reasonable. *Id.* Here, Murillo has not alleged how counsel's alleged failure to investigate and present mitigating evidence fell below the objective standard of reasonableness. *See id.* at 688.

Second, Murillo fails to point to any mitigating factors that would have warranted a departure if introduced at sentencing. There are a number of factors under 18 U.S.C. § 3553(a) that the Court must consider when imposing a particular sentence.[2] However, it is not necessary that each individual sentencing factor advance one of the goals specified in § 3553, as long as the overall sentence advances them. *Koon v. United States*, 518 U.S. 81, 108 (1996). If the sentencing judge exercises sound discretion and imposes a sentence within a properly calculated range, an appellate court on review will adopt a reasonableness review and infer that the sentencing judge has considered the necessary factors for a fair sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Murillo fails to specify which mitigating factors were

---

[2] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established for; any pertinent policy statement; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

not brought to the Court's attention that would have warranted a lesser sentence. The Presentence Investigation Report ("PSR") is a comprehensive document that includes information relating to the defendant's personal and criminal history, and from which the Court derives several of the factors that must be considered in imposing a sentence.[3] While the Court may not have explicitly adopted the PSR at sentencing it did so implicitly and considered all of the information in it when imposing Murillo's sentence. Thus, any mitigating factor that the Court would have considered would have been in the PSR. Furthermore, the closest Murillo comes to identifying a mitigating factor is in his statement requesting the Court to "grant a two (2) level downward departure as a consequence of his Status as a Deportable Alien, which should have been considered as a mitigating factor at sentencing." [Dkt. No. 1 at 5]. His status as a deportable alien is an element of the offense. As such, the Court most certainly considered it for purposes of sentencing. Thus, because Murillo does not point to any other factors that would have otherwise not been found therein, his argument fails.

### b) Failure to Seek a Downward Departure from the Sentencing Guideline Range

Murillo next claims that his attorney failed to seek a downward departure from the sentencing guideline range because of his status as a deportable alien. [Dkt. No. 1 at 4-5]. He argues that the Court should have taken his status into consideration and granted him a downward departure. [*Id.*].

Murillo alleges that his counsel's deficiencies fell below an objective standard of reasonableness and caused prejudice, i.e., led to a more severe sentence. He argues that if his attorney had moved for a downward departure due to his status as a deportable alien, the Court

---

[3] During sentencing, the Court asked Murillo whether he had reviewed the PSR with his attorney. Murillo answered in the affirmative. Furthermore, neither Murillo nor his attorney presented any objections to the PSR.

would have, and should have, granted the departure and imposed a lesser sentence. This argument fails. The Court finds that the fact that Murillo is a deportable alien, without more, would have been insufficient to warrant a departure from the Sentencing Guidelines (hereinafter "Guidelines"). In fact, because he was sentenced for an immigration violation, a departure would have been impermissible. *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993), and *United States v. Garay*, 235 F.3d 230 (5th Cir. 2000).

When alien status is an inherent element of the crime, the Sentencing Commission has already factored this into the guideline sentencing range, and a district court therefore may not depart from the range on this basis.[4] *Garay*, 235 F.3d at 233 n.18, 234. Moreover, counsel's failure to ask for a departure was not deficient, and did not prejudice Murillo. Because the Guidelines did not warrant a downward departure, it was not deficient to fail to ask for one. And because the Court would not have granted such a departure even had it been requested, no prejudice resulted. Murillo is required to show both deficiency and prejudice; he has demonstrated neither. *See Strickland*, 466 U.S. at 687. His claim of ineffective assistance of counsel on this basis is therefore without merit.

### c) Failure to Seek a Downward Departure Based on Compliance with the Requirements of the Fast-Track Program

Next, Murillo argues that his attorney failed to seek a downward departure on the basis of his alleged compliance with the requirements of the "fast track" program. [Dkt. No. 1 at 5]. Section 5K3.1 of the Guidelines provides that "upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. Fast-track programs are designed to conserve

---

[4] However, Murillo was sentenced pursuant to an advisory Guideline scheme, and the Court was cognizant of its full discretion to sentence outside the Guidelines.

prosecutorial and judicial resources by offering reduced sentences in districts that are overburdened by illegal re-entry cases.[5] *See United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006) (noting that fast-track programs are authorized "due [to] the unique and pressing problems related to immigration in certain districts").

The Laredo Division of the Southern District of Texas has not adopted a fast-track program. Certainly, Murillo offers no evidence that such a program exists. Moreover, even if a "fast track" program was available in this district, section 5K3.1 provides that the government, not defense counsel, must move for a downward departure. *See United States v. Riascos*, No. C-98262, 2005 U.S. Dist. LEXIS 26326, at *12 (S.D. Tex. Jun. 22, 2005). Under these circumstances, Murillo cannot establish that he received ineffective assistance of counsel.

In summary, Murillo has not shown that his attorney was deficient at sentencing or that the result of his proceeding would have been any different but for his counsel's performance. Absent a showing of deficient performance and actual prejudice, Murillo has not established that he was denied his constitutional right to effective assistance of counsel. *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). Accordingly, the Court finds that he is not entitled to relief under 28 U.S.C. § 2255 on this issue.

### D. Collateral Consequences

Next, Murillo argues that because of his status as a deportable alien, he will be subjected to disparate treatment and harsher conditions of confinement at the hands of the Bureau of Prisons, a collateral consequence that justifies a sentence below the guideline range to avoid an

---

[5] Before implementing a "fast track" disposition program, the United States Attorney must obtain authorization from the Attorney General. Once authorization is granted, "the United States Attorney *may* implement such program in the manner he or she deems appropriate for that district, provided that the program is otherwise consistent with the law, the Sentencing Guidelines, and Department Regulations and policy." Mem. From Attorney General John Ashcroft, *reprinted at* 2003 WL 23475483, 16 Fed. Sent. Rep. 134 (Sept. 22, 2003) (emphasis added); *see also See United States v. Riascos*, No. C-98262, 2005 U.S. Dist. LEXIS 26326, at *12 (S.D. Tex. Jun. 22, 2005).

unduly harsh collective punishment. [Dkt. No. 1 at 4-5]. Particularly, he claims that he will not serve the last ten percent (10%) of his sentence in minimum-security confinement per the requirements of 18 U.S.C. § 3624, [*id.* at 5], which states the following:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 [percent] of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

Murillo's claim, in which he essentially argues denial of equal protection and due process, is constitutional, and may generally be considered under 28 U.S.C. § 2255. However, his argument—that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States—actually concerns the execution of a sentence, and is therefore only proper under 28 U.S.C. § 2241. *Carvajal v. Tombone*, 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). To construe such a claim as a § 2255 motion is reversible error. *See Carvajal*, 31 Fed. App'x 155, at *1. Motions under 28 U.S.C. § 2241 must normally be brought in the place of the Petitioner's confinement, which in this case is the Williamsburg Federal Correctional Institute in Salters, South Carolina.[6] Therefore, this Court appears to lack statutory jurisdiction to hear the claim.

The Court normally would transfer the case to the place of the Murillo's confinement. *See* 28 U.S.C. § 1631. When a court lacks jurisdiction, § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court. However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume

---

[6] Salters is located in Williamsburg County, South Carolina and jurisdiction would be proper in the Charleston Division of the United States District Court for the District of South Carolina.

judicial time and energy. *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss). The Court will therefore "take a peek" at the merits to determine whether transfer would serve the interest of justice.

Murillo alleges that because he may not be eligible to serve the last 10% of his sentence in a minimum security prison, he is being treated differently from similarly situated United States citizens. *Cf. Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991). Because INS detainee status is not a suspect classification, Murillo must show that there is no rational basis for treating him differently from similarly situated United States citizens. *Carvajal*, 31 Fed. App'x 155, at *1 (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

Murillo's claims lack merit. He has not alleged that denying deportable aliens the aforementioned "benefits" lacks a rational basis. *Cf. Rublee*, 160 F.3d 213, 214, 217 (5th Cir.1998) (holding that flight risk of deportable aliens is rational basis for ineligibility for community-based programs); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir.1998) (applying "rational basis" review of equal protection claim to have right to early release). The Bureau of Prison's exclusion of INS detainees such as Murillo from serving a portion of his sentence in a minimum security prison is therefore constitutional. Murillo's claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim. *See* § 1631; *Chandler*, 210 F.3d at 1150. Accordingly, Murillo's petition is denied.

**I.     CONCLUSION**

For the aforementioned reasons, Murillo's motion pursuant to § 2255 is **DISMISSED** with prejudice on the merits.  Further, should he seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED.

DONE this 13th day of June, 2008, in Laredo, Texas.

```
_____
            Micaela Alvarez
    UNITED STATES DISTRICT JUDGE
```

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**